IN THE UNITED STATED BANKRUPTCY COURT
FOR THE NORTHERN DISTRIC OF ILLINOIS
EASTERN DIVISION

In re __Laurina Kim Bukovics__ , )   Case No. __15-38069__
    Debtor )
             )   Judge __Jack B. Schmetterer__
__Laurina Kim Bukovics__   )   Chapter __7__
    Plaintiff )
             )   Trustee:
__Navient__       )   Adv. Proc. No. _____
    Defendant

~~Preliminary Statement~~ COMPLAINT

I, Laurina Bukovics, took out student loans of approximately $10,800 from 1985-1990 to attend college at UW Madison, WI. I graduated with a communications degree in 1990. I put myself through college and had my tuition paid for by financial aid, took out loans for the cost of living and worked as well at UW Extension as a professor asst. After college I found and job and started paying my loan, in 1997 my loan was sold from Great Lakes to Sallie Mae in which my payment increased. I do remember questioning a 25,000 loan and was told it was due to interest and if I don't pay accordingly my wages would be garnished. I have worked consistently and made payments while working. Please see **Attachment 1** for my yearly income to this date. Unfortunately I lost my job three times but was able to find work. Most recently in 2008 I lost my job at Land America due to the lending crisis. It took a while to obtain employment again, which I obtained in 2012. During this time of unemployment I could not make payments and interest has accrued over 25,000 to the principal. I don't know how it was possible for me to have such a high loan principal considering I had no help from my parents or family and was limited as what loans were available without a cosigner.

Additionally, my daughter, Lilia Grace Johnson was born with a mental disability as of four years old after diagnosis was considered not to be able to have a normal life. She has been in numerous inpatient facilities and will have her illness for the rest of her life. She is considered disabled but has the capacity to do well education wise and is currently studying biotechnology at the University of Illinois in Champaign. She has had a few setbacks but is stable. Keeping up with my loan payments for over 25 years has been a struggle due to the interest of over 300% which accumulated at a rate of 8% during times I could not find employment and missing work due to my daughter being extremely ill at times.

I am a single mother and had no choice but to file bankruptcy. I cannot keep up with my loan payments, assist my daughter in college and take care of her medical needs. Navient has called my numerous times every day threatening me with wage garnishment, taking my tax returns and social security. If I could pay I would. I am responsible for the loans but how a small

1 |

loan turned into myself paying almost 30,000 and still owe approximately 70,000 today perplexes me. I have tried to talk with an abusdman to assist with my situation but Navient representatives have stated it is my responsibility and I should know what I signed. And it is not their issue that the government set the price at 8% and that I will have paid over 75,000 of interest for my education.

## Jurisdiction of Venue

This court has jurisdiction under 28 U.S.C. 157 to hear this adversary proceeding. I, Laurina Bukovics initiates this proceeding under 157(b)(2)(1) to determine if my student loan is dischargeable due to an error with my loan and/or because being a single mother to my dependent to my daughter, Lilia Grace Johnson, will suffer undue hardship and not allow me the ability to assist her with her education and needs in life.

## Background

1. I, Laurina Bukovics, attended UW Madison, WI from 1985-1990. I put myself through college and was given enough financial aid to pay for my tuition and books and I took out around 2,800 each year and had employment to pay for room and board. After graduation in 1990 I moved to Chicago in which I started working.

2. I am a single mother with a disable child.

3. I was hoping not to have to file bankruptcy but with Navient's constant calls and my daughter needing financial help with school, I could not make payments on my current bills and provide for my daughter and pay my loan payment. I also don't believe that the 25,000 loan is correct. When I filed Chapter 7 bankruptcy I did list Navient as a creditor. Before I filed bankruptcy I used every option Navient provided for me and I have never been in default, until perhaps now or soon.

4. I graduated at age 22 with about 11,000 in student loan debt, I paid 26,000 and today I owe over 70,000. Please see **Attachment 2** for my loan repayment history as well as **Attachment 3 and 4** for my student loan information provided from their website and **Attachment 5** what was sent to me from Navient regarding my loans as they were transferred. Navient consistently tells me I took out a loan in 1999 which I did not.

## Cause of Action

I would like to know how my student loans increased dramatically after transferring. To continue paying my student loans for an additional 10 years at around 750.00 a month is impossible for me to do and take care of my daughter. Having to pay an additional 70,000 as well as my daughter's education and provide a home for us has caused undue hardship.

## Prayer

I, Laurina Bukovics, asks the court to determine if my student loan is correct and if the remaining amount is dischargeable as an undue hardship. $523(a)(8)

*Laurina Bukovics*
4/10/2017

2 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

*FILED*
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
APR 10 2017
JEFFREY P. ALLSTEADT, CLERK

| PLAINTIFFS<br>Laurina Kim Bukovics | DEFENDANTS<br>Navient<br>P.O. Box 9500 - Wilkes-Barre, PA 18773-9500 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pro Se | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Student Loan of almost 30 years issue

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR **Laurina Kim Bukovics** || BANKRUPTCY CASE NO. **15-38069** ||
| DISTRICT IN WHICH CASE IS PENDING **Northern District of IL** || DIVISION OFFICE **Eastern Division** | NAME OF JUDGE **Jack B. Schmetterer** |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.