## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| Laurina Kim Bukovics, | ) | |
|     Debtor. | ) | Case No. 15 B 38069 |
| | ) | Chapter 7 |
| | ) | |
| Laurina Kim Bukovics, | ) | |
|     Plaintiff, | ) | Adv. No. 17 A 186 |
| v. | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Navient, | ) | |
|     Defendants. | ) | |

### ANSWER TO COMPLAINT

Defendant, Educational Credit Management Corporation ("ECMC"), by its undersigned attorneys, for its Answer to the Complaint of Plaintiff, Laurina Kim Bukovics, states as follows:

As a preliminary matter, Plaintiff has not numbered all the paragraphs in her Complaint, but only the paragraphs under the heading "Background." For the purposes of clarity, this Answer will number each separate paragraph and include a parenthetical with the numbers included in the Complaint, then set forth ECMC's Answer underneath.

1. I, Laurina Bukovics, took out student loans approximately $10,800 from 1985-1990 to attend college at UW Madison, WI. I graduated with a communications degree in 1990. I put myself through college and had my tuition paid for by financial aid, took out loans for the cost of living and worked as well as UW Extension as professor asst. After college I found and job and started paying my loan, in 1977 my loan was sold from Great Lakes to Sallie Mae in which my payment increased. I do remember questioning a 25,000 loan and was told it was due to interest and if I don't pay accordingly my wages would be garnished. I have worked consistently and made payments while working. Please see Attachment 1 for my yearly income to this date. Unfortunately I lost my job three times but was able to find work. Most recently in

2008I lost my job at Land America due to the lending crisis. It took a while to obtain employment again, which I obtained in 2012. During this time of unemployment I could not make payments and interest has accrued over 25,000 to the principal. I don't know how it was possible for me to have such a high loan principal considering I had no help from my parents or family and was limited as what loans were available without a cosigner.

**ANSWER**:     ECMC denies that Plaintiff took out student loans of approximately $10,800, as the NSLDS reflects that Plaintiff obtained over $22,000 in student loans during her pursuit of an undergraduate degree. ECMC denies that there is any Attachment 1 to the Complaint, and therefore denies any allegations relating to Attachment 1. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

2.      Additionally, my daughter, Lilia Grace Johnson was born with a mental disability as for four years old after diagnosis was considered not to be able to have a normal life. She has been in numerous inpatient facilities and will have her illness for the rest of her life. She is considered disabled but has the capacity to do well education wise and is currently studying biotechnology at the University of Illinois in Champaign. She has had a few setbacks but is stable. Keeping up with my loan payments for over 25 years has been a struggle due to the interest of over 300% which accumulated at a rate of 8% during times I could not find employment and missing work due to my daughter being extremely ill at limes.

**ANSWER**:     ECMC denies that Plaintiff's student loans have accrued interest of "over 300%." ECMC admits that the interest rate on Plaintiff's consolidated loan is 8%. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3. I am a single mother and had no choice but to file bankruptcy. I cannot keep up with my loan payments, assist my daughter in college and take care of her medical needs. Navient has called my numerous times every day threatening me with wage garnishment, taking my tax returns and social security. If I could pay I would. I am responsible for the loans but how a small loan turned into myself paying almost 30,000 and still owe approximately 70,000 today perplexes me. I have tried to talk with an abusdman to assist with my situation but Navient representatives have stated it is my responsibility and I should know what I signed. And it is not their issue that the government set the price at 8% and that I will have paid over 75,000 of interest for my education.

**ANSWER**: ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. This court has jurisdiction under 28 U.S.C. 157 to hear this adversary proceeding. I, Laurina Bukovics initiates this proceeding under 157(b)(2)(I) to determine if my student loan is dischargeable due to an error with my loan and or because being a single mother to my dependent to my daughter, Lilia Grace Johnson, will suffer undue hardship and not allow me the ability to assist her with her education and needs in life.

**ANSWER**: ECMC admits that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

5 (labeled "1"). Laurina Bukovics, attended UW Madison, WI from 1985-1990. I put myself through college and was given enough financial aid to pay for my tuition and books and I took out around 2,800 each year and had employment to pay for room and board. After graduation in 1990 I moved to Chicago in which I started working.

**ANSWER**:    ECMC denies that Plaintiff took out student loans of approximately $2,800 each year, as the NSLDS reflects that Plaintiff obtained over $22,000 in student loans during her pursuit of an undergraduate degree. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

      6 (labeled "2").    I am a single mother with a disable child.

**ANSWER**:    ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

      7 (labeled "3").    I was hoping not to have to file bankruptcy but with Navient's constant calls and my daughter needing financial help with school, I could not make payments on my current bills and provide for my daughter and pay my loan payment. I also don't believe that the 25,000 loan is correct. When I filed Chapter 7 bankruptcy I did list Navient as a creditor. Before I filed bankruptcy I used every option Navient provided for me and I have never been in default, until perhaps now or soon.

**ANSWER**:    ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

      8 (labeled "4").    I graduated at age 22 with about 11,000 in student loan debt, I paid 26,000 and today I owe over 70,000. Please see **Attachment 2** for my loan repayment history as well as **Attachment 3 and 4** for my student loan information provided from their website and **Attachment 5** what was sent to me from Navient regarding my loans as they were transferred Navient consistently tells me I took out a loan in 1999 which I did not.

**ANSWER**:    ECMC denies that Plaintiff graduated with approximately $11,000 in student loan debt, as the NSLDS reflects that Plaintiff obtained over $22,000 in student loans during her pursuit of an undergraduate degree. ECMC denies that there is any Attachment 2, Attachment 3,

Attachment 4, or Attachment 5 to the Complaint, and therefore denies any allegations relating to Attachments 2, 3, 4, or 5. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

9. I would like to know how my student loans increased dramatically after transferring. To continue paying my student loans for an additional 10 years at around 750.00 a month is impossible for me to do and take care of my daughter. Having to pay an additional 70,000 as well as my daughter's education and provide a home for us has caused undue hardship.

**ANSWER**: ECMC denies that Plaintiff will experience an undue hardship if forced to repay her student loan. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

WHEREFORE, Defendant, Educational Credit Management Corporation, respectfully requests that this Court deny the relief sought by Debtor-Plaintiff, dismiss her case with prejudice, and grant such other relief as the Court deems fair and necessary under the circumstances.

Respectfully submitted,

Educational Credit Management Corporation,
Defendant

By: /s/ Saskia Nora Bryan
    One of its Attorneys

**Mark E. Shure, ARDC No. 06188755**
**Saskia Nora Bryan, ARDC No. 06255682**
**LATIMER LeVAY FYOCK LLC**
55 W. Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000
(312) 422-8001 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on May 31, 2017, the foregoing Answer was filed via the U.S. Bankruptcy Court for the Northern District of Illinois CM/ECF electronic document filing system, which will be served on Plaintiff Laurina Kim Bukovics at the below address by first-class mail, proper postage prepaid, and depositing same in the U.S. mail at 55 West Monroe Street, Chicago, Illinois on May 31, 2017 before 5:00 p.m.

Laurina Kim Bukovics
818 West Webster Street
Chicago, IL  60614

      /s/ Saskia Nora Bryan
One of the Attorneys for Defendant

**Mark E. Shure, ARDC No. 06188755**
**Saskia Nora Bryan, ARDC No. 06255682**
**LATIMER LeVAY FYOCK LLC**
55 W. Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000
(312) 422-8001 (fax)